UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN M. BALE,

               Plaintiff,

     v.

CHARLES N. SCHANDEL et al.

               Defendants.

CASE NO. C12-5957 RJB-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

     The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is found in 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

     Plaintiff asks that the Court appoint an attorney to represent him (ECF No. 11). Plaintiff states that he has no money and does not know how to "file the right paperwork." (ECF No. 11). Plaintiff alleges that while he was in handcuffs and detained he was assaulted by Port Orchard Police Officer Charles N. Schandel. He alleges that Port Orchard Police Officer Stephen Morrison told Officer Schandel to stop three times (ECF No. 5, Statement of the claim). Plaintiff names both officers as defendants.

1       There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn,* 789 F.2d at 1331.

      Plaintiff has articulated a claim for a violation of his Eighth and possibly his Fourth amendment rights. The Court is not yet in a position to evaluate the likelihood of success on the merits. The defendants have not answered the complaint nor filed any dispositive motion, although notices of waiver of service were received December 10, 2012 (ECF No. 9 and 10). An attorney has appeared on defendants' behalf (ECF No. 7).

      At this point in the proceedings the Court denies the motion for appointment of counsel. The denial is without prejudice and plaintiff may renew his motion once the facts surrounding the alleged assault have been further developed and presented to the Court.

      Dated this 6th day of February, 2013.

      J. Richard Creatura
      United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2